IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KENDRA HANKERD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| | § | Case No. 6:18-CV-204-JDK-JDL |
| FEDERAL BUREAU OF INVESTIGATIONS AND CHRISTOPHER WRAY—DIRECTOR, | § § § § § | |
| Defendants. | § § | |

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiff Kendra Hankerd ("Plaintiff"), proceeding *pro se*, filed a Complaint (Docket No. 1) on May 10, 2018, against Defendant Federal Bureau of Investigations ("FBI") and Defendant Christopher Wray, Director of the FBI ("Wray") (collectively referred to as "Defendants"). On March 8, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 64), recommending that the Court grant Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) (Docket No. 62). Plaintiff filed Objections (Docket No. 66) to the Report and Recommendation on April 1, 2019.

The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1)(C). Having reviewed the

Magistrate Judge's findings and Plaintiff's objections, the Court **OVERRULES** Plaintiff's Objections (Docket No. 66) and **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation (Docket No. 64) as the findings of the Court. As the Magistrate Judge found, Plaintiff's claims against the FBI and against Wray in his official capacity fail for lack of subject matter jurisdiction. To the extent Plaintiff is bringing claims against Wray in his individual capacity, she has not properly stated a claim. The Court therefore dismisses this action without prejudice.

## I. LEGAL STANDARD

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II. ANALYSIS

In her Complaint (Docket No. 1), Plaintiff has alleged thirty different "claims" against Defendants. The Magistrate Judge reviewed Plaintiff's pleadings and the record and found that Plaintiff failed to identify a basis for federal subject matter jurisdiction. Accordingly, the Magistrate Judge recommended this action be dismissed without prejudice.

Plaintiff has raised a variety of issues in her Objections (Docket No. 66). The Court understands these issues to include: (1) Plaintiff was never properly served with a copy of the Report and Recommendation; (2) Plaintiff alleged sufficient factual allegations in her Complaint; and (3) the Court engaged in corruption and broke laws.

*First*, Plaintiff alleges that "[d]ue to fraud" she never received a "certified copy" of the Report and Recommendation, but instead just a "regular envelope copy." Docket No. 66 at 1. Mailing a paper to a person's last known address, however, is proper service. Fed. R. Civ. P. 5(b)(2)(C). Moreover, Plaintiff's Objections filed with the Court confirm that Plaintiff has received the Magistrate Judge's Report and Recommendation. Accordingly, the Court finds that Plaintiff was properly served with a copy of the Magistrate Judge's Report and Recommendation.

*Second*, Plaintiff makes various allegations in what appears to be an attempt to support the factual basis of her claim. Plaintiff alleges that on January 16, 2016, she contacted the FBI with information regarding a fourteen-year-long "Comcast Hacking." Docket No. 66 at 2. According to Plaintiff, one of the four hackers was Daniel Hankerd, who had also confessed a murder to Plaintiff. *Id.* Plaintiff then claims that she reported the hacking and the murder to the FBI and the State of Tennessee, but neither took any action on the alleged criminal activity. *Id.*

Plaintiff also claims she was previously a paid informant for both the FBI and the State of Tennessee. *Id.* at 2–3. During that time, Plaintiff claims to have had a relationship with Detective Andre Davis. *Id.* at 2. Plaintiff alleges that when the FBI learned about the relationship, the FBI launched a campaign of stalking and

harassment against Plaintiff.  *Id.* at 2–4.  In particular, Plaintiff states that the FBI manipulated electronic devices, used products and companies (including Disney World and country music singer Reba McEntire), installed video cameras to monitor Plaintiff, and sent men and photos to intimidate Plaintiff.  *Id.* at 3–4.

Additionally, Plaintiff claims that at some point she died and went to heaven.  *Id.* at 4.  She states that she then had an encounter with Jesus, who sent Plaintiff back to earth to "help build his Kingdom" and to spread information that Jesus provided to her so that lives could be saved.  *Id.* at 4–5.  Plaintiff also claims that she can call over 100 witnesses in support of her claims.  Finally, Plaintiff requests $800 billion and a restraining order as relief for her alleged injuries.  *Id.* at 9.

Plaintiff's objections, however, do not address the problems with her Complaint.  As the Magistrate Judge explained in his Report, absent clear congressional consent providing a basis for jurisdiction, the United States as sovereign is immune from suit.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586–88 (1941)).  The Court therefore lacks subject matter jurisdiction over claims against the FBI and against Wray in his official capacity.  *Id.*  Plaintiff has not identified any basis for waiving sovereign immunity or otherwise invoking the Court's subject jurisdiction for those claims.

To the extent that Plaintiff alleges constitutional claims against Wray in his individual capacity, those claims would not be dismissed for lack of jurisdiction.  These claims, however, fail because Plaintiff did not properly state a

claim. A supervisory official like Wray "may be held liable only upon two bases": (1) "personal involvement in the acts causing the deprivation of a person's constitutional rights creates personal liability"; and (2) "if he implements a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff has not alleged any facts indicating personal involvement by Wray or the existence of policies that violated Plaintiff's constitutional rights. The Court therefore dismisses Plaintiff's claims against Wray in his individual capacity for failure to state a claim. FED. R. CIV. P. 12(b)(6).

*Third*, Plaintiff alleges that the Court engaged in corruption, broke laws, and acted unethically. Docket No. 66 at 5, 7–9. This allegation seems to stem, at least in part, from the Court's failure to grant Plaintiff a temporary restraining order and what Plaintiff perceives as the Court's favoritism toward Defendants. Plaintiff alleges she broke her leg because of the Court's failure to grant a temporary restraining order. *Id.* at 8–9. Plaintiff, however, does not cite any specific laws or rule violations to support any misconduct by the Court. Nor could she, as Plaintiff's allegations are without merit and not rooted in any legal basis.

Accordingly, the Court finds that the Magistrate Judge appropriately recommended that Plaintiff's claims against the FBI and Wray in his official capacity be dismissed for lack of subject matter jurisdiction. In addition, Plaintiff's claims against Wray in his individual capacity are dismissed because she did not properly state a claim.

### III. CONCLUSION

Having made a *de novo* review of the objected-to portions of the Report and Recommendation (Docket No. 64), the Court finds, for the reasons explained above, that Plaintiff's Objections (Docket No. 66) should be **OVERRULED** and the Magistrate Judge's Report (Docket No. 64) should be **ADOPTED IN PART**. Defendants' Motion to Dismiss (Docket No. 62) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. Furthermore, the Court **ORDERS** that all other pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **5th** day of **April, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE